FILED
CLERK
10:27 am, Jul 02, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
NICOLE MONTELLA,

    Plaintiff,
-v-

THE COUNTY OF SUFFOLK, JOHN DOE
And JANE DOE, true first and last names
being unknown to Plaintiff,

    Defendants.
---------------------------------------------------------X
FEUERSTEIN, S., Senior District Judge:

Case No. 16-cv-6529 (SFJ)(SIL)
**Order**

On November 23, 2016 and in this Court, Plaintiff commenced this medical malpractice action, which included, *inter alia*, certain federal claims brought pursuant to 42 U.S.C. § 1983. (*See* Complaint (ECF No. 1), ¶¶ 33-36). On October 12, 2018, Plaintiff filed a "stipulation to the discontinuance of all federal claims contained in Plaintiff's complaint." (*See* Attorney Olson's Oct. 12, 2018 Cover Letter to the Court (ECF No. 17-1).) The parties "request[ed] that this action be removed to the Supreme Court of the State of New York, County of Suffolk in Riverhead, New York," since "only the state medical malpractice claims [would] remain[]." (*Id.*) Instead, the Court entered an order stating:

> The parties' Stipulation (*see* ECF No. 17) is denied without prejudice to renew. This Action was commenced in a federal district court and not removed from state court. Therefore, there is no basis for this Court to "remove" the State Claims to state court, *see* 28 U.S.C. § 1446, or otherwise remand them, *see* 28 U.S.C. § 1447. If the parties are seeking to end this Action, and are agreeing to the dismissal of Plaintiff's Federal Claims with prejudice, but are also agreeing that Plaintiff may pursue her State Claims against defendants in state court (thereby dismissing her State Claims without prejudice in this Action), the parties are directed to file a Stipulation of Dismissal articulating such agreements and in accordance with Rule 41 of the Federal Rules of Civil Procedure.

1

(Case Docket, Oct. 13, 2018 Electronic ORDER (hereafter, the "October 2018 Order").) In response, at the October 15, 2018 Status Conference and on the record, the parties stated:

> MR. OLSEN:  It is hereby stipulated by and between the attorneys for the respective parties that with respect to this action[,] the parties agree that the federal claims brought pursuant to US [C]ode [42, §] 1983 will be discontinued and dismissed with prejudice, and that the remaining pendent state claim predicated on a theory of medical malpractice will remain.
> I just want to make sure I'm clear[.]  I believe the court's order indicated that we should move to dismiss that claim without prejudice so that it can be continued in the state court.
> THE COURT:  You agree with that sir?
> MR. CHRISTESEN:  We agree with that, your Honor, on behalf of the county, yes.
> THE COURT:  Okay.

(Oct. 15, 2018 Status Conference Tr. (unofficial).)  After approving the parties' oral stipulation and Rule 41 motion to dismiss, the case was closed.  (*See* Minute Entry (ECF No. 18).)

On June 24, 2019, stating, *inter alia*, that "[i]t was the expectation of the parties that the supplemental state claims would be remanded to the Suffolk County Supreme Courthouse in Riverhead[, New York]," but that it "it appears that the Court inadvertently discontinued all claims contained in the [C]omplaint," Plaintiff "requested that the discontinuance of the [s]upplemental state claims be vacated and then remanded to [the] Supreme Court in Riverhead." (*See* Letter Motion (ECF No. 19).)  In support of that request, the parties submitted a "Proposed Stipulation and Order" (hereafter, the "Second Stipulation") stating, *inter alia*:

> 1.  The prior Stipulation and Order dismissing this action in its entirety is hereby modified to provide that in accordance with the parties[*sic*] intent, only the Federal Claim which was asserted in paragraphs 33 through 36 of the [C]omplaint is hereby voluntarily dismissed.
> 2.  The supplemental State law claims in paragraph 20 through 32 are hereby reinstated and remanded to the Supreme Court of the State of New York, Suffolk County, to be fully adjudicated in accordance with the rules and procedures applicable therein.

2

(ECF No. 19-1.) The Court declines to "So Order" the Second Stipulation.

The Court's approval of the parties' oral stipulation and Rule 41 motion to dismiss established that Plaintiff's state law claims, while dismissed from this Court, were dismissal "without prejudice so that [they could] be continued in the state court." They were not discontinued or otherwise extinguished such that this Court could reinstate them. Indeed, unless otherwise precluded by state law, Plaintiff retains her right to pursue her state law claims in State Court. The parties' understanding of that concept was made clear on the record at the October 15, 2018 Status Conference. Hence, there is nothing for this Court to vacate. Further and as already addressed in the Court's October 2018 Order, since this action was not commenced in State Court and then removed to this Court, there is no basis or mechanism for this Court to remand it to State Court. Stated differently, because this action was not received from the State Court by way of removal, there is no means for this Court to send it back, *i.e.*, remand it, to the State Court. Rather, it is for Plaintiff – not this Court – to bring her state law claims in State Court, if she so chooses.

Accordingly, the Court **denies** the Plaintiff's Letter Motion (ECF No. 19).

SO ORDERED this 2nd day of July 2019 at Central Islip, New York.

/s/ *Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge